J. R. Swan, J.
I. It is insisted that the answer of the defendant does not state facts sufficient to constitute a defense.
The action was brought upon leases for school lands to recover rent — the rent being fixed by the terms of the lease at six per cent, on the appraised value of the premises.
It appears, from the finding of facts by the superior court of Montgomery county, that on the 12th day of September, 1820, the trustees of the section leased to one John Cox, 86 57-100 acres of the school section, by permanent lease, commencing March 4, 1821, subject to reappraisement each 33 years thereafter, under the statute. That at the same date, said trustees made a similar lease to one Ludwig Speice, for 100 14-100 acres of the same section, to commence at the same time, and in all respects similar in its provisions and covenants to the first lease. That said leases, by assignments under the different owners thereof, came into the ownership and possession of Peter Odlin, the defendant in this case. The court further find that on the 4th day of March, 1854, the said lands became, by the terms of said leases, subject, under the statute, to reappraisement, and that between the 6th and 10th of *295 March, 1854, the commissioners of Montgomery county appointed three freeholders of the county, and not residents of the township, appraisers thereof, and that the premises were appraised as hereinafter stated.
This action was brought to recover rent based on this appraisement.
The petition contains a count upon each lease, and after stating that by the terms of the lease, it was provided that the lands should be revalued at the expiration of thirty-three years, from the 4th day of March, A. D. 1821, and that the original lessee, his heirs or assigns, should pay annually the yearly interest of six per cent, on the valuation or appraisement at the time of the execution of the lease, and on all future valuations or appraisements thereof, to the trustees and their successors; the petition then, in respect of the reappraisement upon which the amount of the rent is determined, alleges “that in pursuance of said written lease, and according to the statute in such case made and provided, the leased lands were, on the 10th day of March, 1854, duly and legally revalued or appraised at fifty-five dollars per acre; that the total sum of said revaluation amounted,” etc., and claiming as rent six per cent, thereon.
To this petition'the defendant answered that “said revaluation arid appraisement was not duly and legally made, according to and in pursuance of the said lease and the statute in such case made and provided, as averred in said petition.” This is all the allegation of the answer.
The statute specifically points out the mode of appointment, the qualifications, and the duties of appraisers, and the rule which shall govern them in making the appraisement. The plaintiffs, in their petition, instead of stating the facts in regard to the appointment, qualifications, and doings of the appraisers, state that the premises were duly and legally appraised, according to the provisions of the statute. The defendant, instead of stating wherein *296 the appraisement was invalid, alleges only that the premises were not duly and legally appraised.
The plaintiff made no objection to the answer, by motion, on the ground that it was indefinite and uncertain, but proceeded to trial; and after verdict and judgment pronounced against him on this issue, now, on error, objects, that the court below should have given him a judgment non obstante veredicto, inasmuch as the answer does not state facts sufficient to constitute a defense.
It is insisted, as an objection to the answer, that it tenders no specific issue, and that the plaintiff is not advised by it whether the alleged illegality of the appraisement consists in—
1st. An error in appointing the appraisers; or,
2d. A want of legal competency in any or either of them; or, ' '
3d. A failure to qualify; or,
4th. Appraising without view; or,
5th. Appraising by a different standard of value than that prescribed by the statute; or,
6th. Appraising in a different mode than that prescribed; or,
7th. That the appraisement was procured by fraud.
We agree with counsel that the answer does not disclose upon what illegality in the appraisement the defendant relies; though it is very clear, we think, that he insists upon its not having been madé in pursuance of the statute. The answer is, therefore, indefinite; and under section 118 of the code, which provides that “when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment,” the plaintiff could have compelled the defendant to state specifically in what particulars the appraisement was not duly and legally made.
The sufficiency of pleadings under the code, as to certainty, precision, definiteness and consistency of allegation, *297 and indeed in respect of every other variety of defect of allegations which does not amount to such an absolute omission of fact as to constitute no ground of action or defense, must be taken advantage of or objected to by motion under the above provision of the code, and can afford no ground for demurrer or assignment of error.
But it is said, that for aught that appears, the allegation of the answer in this case is a mere legal deduction or conclusion of law; that pleadings must be construed most strongly against the pleader, and therefore it should be presumed that the non-conformity alleged as to the appraisement is not substantial but an immaterial, technical defect.
We suppose the common laiv rule as to the construction of pleadings under the code is entirely abrogated.
If pleadings shall be in ordinary language, as contra-distinguished from legal technical language, they must be construed as meaning what is generally understood by ordinary language, and hence there can be no established technical mode of stating a cause of action or defense. So, too, the rules of the common law, as to the sufficiency of pleadings, are abrogated, and in their place is substituted the few and simple rules of the code. Code, sec. 83. Whatever rules of common law pleading are in accordance with the rules of the code, they are still applicable to pleadings under the code; not, however, as common law rules, but as rules of the code. Thus the rules of common law pleading which illustrate and vindicate the law that the facts which constitute a cause of action shall be set forth in the declaration, may be applicable to a petition under the code. But the language to be used in stating the cause of action is prescribed by the code, and the common law rules in that respect are entirely inapplicable.
: ' If what, under common law pleadings, was denominated a legal deduction or conclusion of law, is alleged, it may or may not contain also a fact constituting a cause of action or defense, but if it does, and is indefinite and uncer *298 tain, the opposite party may, by motion, require it to be made definite by motion. He cannot demur, as at common law, nor object to the pleading on error. There may be mere abstract propositions or conclusions of law which contain no fact whatever. It is enough, however, for the present case, to say that the deduction, or conclusion of law, in the answer in this case, construed as ordinary language, does, in an indefinite manner, which the other party did not object to, put in issue the fact whether there was any valid appraisement made. The plaintiff having proceeded to trial, waived objections to its indefiniteness.
II. The court, upon submission of the case to them, found that “ the appraisers proceeded to and did appraise the said land, and embracing both leases as one body, and as worth so much per acre, in the aggregateand “ there being no proof that the several leased lots were of like value per acre,” the court ruled as law, “ that land held under different and distinct leases, should be appraised according to its distinct and separate value, under the statute.”
We do not agree with counsel for the defendant in error, as to the facts found by the court. We understand that it was an appraisement of the two tracts as one body of land, without any regard to its severalty, as originally leased. That the two lots, as a single tract or farm, might be more valuable than when severed, or less valuable, is very manifest — depending upon adjacent roads and the variety of soil, and other considerations, which will readily suggest themselves. The trustees are entitled to any enhanced value arising from the severance, and the lessee to the benefit of any enhanced value arising from the lots having been united into one farm. By an aggregate appraisement, the appraisers have overlooked this difference, and this relation of the lessors and lessee.
The statute, undoubtedly, intended separate appraisements. There is no appeal, or other mode of revising the award of appraisers. The statute, therefore, should be *299 strictly followed in every particular wherein its violation would substantially change or affect the amount of the appraisement. We are of the opinion that the court below did not err in holding that the appraisement of the two tracts as one, and the appraisers determining their value as one entire tract, were not in accordance with the provisions of the statute. •

The judgment of the court below is affirmed.

Brinkerhopp, Scott and Sutlipp, JJ., concurred.